MUTUAL LAMP MFG. CO. *v.* UNITED STATES (No. 3654)[1]

---

[1] T.D. 46762.

United States Court of Customs and Patent Appeals, November 6,
1933

*Brown & Carter (Allan R. Brown* and *Fred J. Carter* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham, Jr.,*
and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument October 2, 1933, by Mr. Carter and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT,
Associate Judges.

BLAND, Judge, delivered the opinion of the court:

The merchandise covered by this appeal consists of square and disk shaped slabs of onyx of various sizes. The two exhibits representing the merchandise of the importation are in two forms, one 8 inches by 9 inches square, and the other is disk-shaped, 6 inches in diameter, each being about two thirds inch in thickness. All the slabs are polished on the edges and upon one face, the other face being unpolished.

The appraiser's advisory classification on the invoice reads: "Mfr. of onyx (lamp parts)." The collector classified the merchandise, and assessed it for duty at 50 per centum ad valorem, under the following provisions of paragraph 232 (d) of the Tariff Act of 1930:

PAR. 232. (d) Marble, breccia, and *onyx, wholly or partly manufactured into* monuments, benches, vases, and *other articles, and articles of which these sub-stances or any of them is the component material of chief value,* not specially provided for, 50 per centum ad valorem. (Italics ours.)

The importer protested the classification and claimed the merchandise dutiable at the applicable rate under the provisions of paragraph 232 (b) of the same act, which paragraph reads as follows:

PAR. 232. (b) *Slabs* and paving tiles *of* marble, breccia, or *onyx: Containing not less than four superficial inches, if not more than one inch in thickness,* 8 cents

*per superficial foot;* if more than one inch and not more than one and one half inches in thickness, 10 cents per superficial foot; if more than one and one half inches and not more than two inches in thickness, 13 cents per superficial foot; *in addition thereto on all the foregoing,* if rubbed in whole or in part, 3 cents per superficial foot, or *if polished in whole or in part* (whether or not rubbed), *6 cents per superficial foot.* (Italics ours.)

The United States Customs Court overruled the protest and the importer has appealed from the judgment of the court below to this court.

There is no substantial dispute about the facts. The court below, in discussing the testimony and in referring to appellant's sole witness, said:

* * * He stated it was used in various ways, sometimes as bases for vases or lamps, for ash receivers, tops of tables, or torcheres, and that each of the imported pieces would be suitable for use in making those different articles. He further testified that he had seen similar pieces used by other people as tiles in walls. On cross-examination he testified that the pieces are ordered in specific sizes and that occasionally a large piece would be cut to a smaller size if the exigencies of manufacture require it. The examiner in the appraiser's office who examined and passed the merchandise was called to testify, but as he had never seen the merchandise used his testimony was valueless.

After discussing the testimony as above, we find the following in the court's opinion:

It is apparent from reading subparagraph (d) of paragraph 232, *supra,* under which classification and assessment were made, that the merchandise involved might well be included under the comprehensive term "articles", since it has been subjected to processes of manufacture which dedicated it to special uses in the manufacture of lamp, vase, and torchere bases, table tops, ash receivers, etc.

We do not think these articles are slabs within the meaning of that term as it is used in subparagraph (b) of paragraph 232, *supra,* or as it is defined by lexicographers. The evidence shows the merchandise to be polished onyx fashioned in shapes ready for a variety of uses.

The importer contends that the court below, in holding the articles not to be slabs, disregarded this court's holding in *Richard Shipping Corp.* v. *United States,* 17 C.C.P.A. (Customs) 417, T.D. 43865, in which case so-called polished marble table tops were under consideration, and that the said *Richard* case is controlling of the issue here. The legislative history of the involved provisions is pointed out in great detail and is relied upon as supporting appellant's position here, but we deem it unnecessary to discuss this phase of the case at any great length. Importer further contends that the classification of the collector was based on a mistake of fact; that he was of the impression that these were lamp parts, whereas the proof shows that the importation was used in the making of various parts for various kinds of articles.

It is contended by the Government here that the merchandise is not onyx slabs within the meaning of paragraph 232 (b); that the

onyx articles at bar have, by a manufacturing process, prior to importation, acquired a new name, character and use, to wit, bases for lamps or bases or tops for pedestals and for parts of smoking trays, etc., and, therefore, are "wholly or partly manufactures of onyx." Numerous authorities are cited, which will not be discussed here. The Government contends that the case of *Richard Shipping Corp.* v. *United States, supra,* is not controlling of the issues here.

We think a consideration of our decision in the *Richard* case, *supra,* and of the context of paragraph 232 (b), including the new language contained therein, suggests the proper conclusion to be arrived at in the case at bar. In the *Richard* case, rectangular pieces of marble, polished on one side and on each of the four edges, less than 1 inch thick, were, by the collector, classified as marble wholly or partly manufactured under paragraph 233, Tariff Act of 1922. Importer claimed the merchandise to be dutiable as marble slabs, rubbed, under paragraph 232. Except in the particulars hereinafter referred to, the pertinent parts of the two paragraphs of the Tariff Act of 1922 involved there are quite similar to those involved here. The court held that the polished marble pieces involved were not dutiable as rubbed slabs under paragraph 232, since, if Congress had intended to include polished slabs, it would have put the term "polished" in the provision, and used the following language:

It will be observed that paragraph 232, in so far as the issues here are concerned, is identical with paragraph 97, *supra.* It would seem to be obvious, therefore, that the Congress used the word "rubbed", in paragraph 232, in accordance with the interpretation placed upon it by the Board of General Appraisers (now United States Customs Court) in Abstract 40163; and that it was intended by the Congress to approve and adopt that interpretation. Furthermore, we think it fairly appears from the evidence in the case that marble manufacturers distinguish between marble slabs, rubbed, and such slabs when further processed—polished. Accordingly, we are of opinion that had the Congress intended to include, in paragraph 232, polished, as distinguished from rubbed, slabs of marble, it would have said so.

It will be noted that in paragraph 232 (b), the Tariff Act of 1930 contains a provision not found in the prototype provision of the act of 1922, to wit, "or if polished, in whole or in part (whether or not rubbed), 6 cents per superficial foot." The decision in the *Richard* case was handed down February 6, 1930. In the Tariff Act of 1930, approved June 17, Congress deliberately inserted the provision for "polished" slabs. We think this fact is quite significant and that Congress intended thereby to include within paragraph 232 (b) slabs of onyx, if polished in whole or in part, and that when so polished, they would be subject to the additional rate provided for on account of such polished character.

We think the imported goods are slabs of onyx as that term is ordinarily used and within the meaning of the term as used in para-

graph 232 (b), *supra*.  The term "slab" is defined in various dictionaries as follows:

Century Dictionary and Cyclopedia:

slab, *n*. 3. In general a piece of anything solid and compact, heavy, and thin in proportion to its length and breadth, but thick enough not to be pliable, especially when of considerable size.

Webster's New International Dictionary, 1932:

slab, *n*. 1. A comparatively thick plate or slice of anything; as, a *slab* of bread, marble, metal, wood, beef, etc.

Knight's American Mechanical Dictionary:

slab, 2. A thin flat piece of stone or marble for a step, mantel, etc.

Funk & Wagnall's New Standard Dictionary, 1931:

slab, *n*. 2. A flat plate or piece, as of metal or of stone, having its surfaces plane, a thick plate; as, a *slab* of marble.

While the Government does not seriously contend here that the form of the imported merchandise is not that of slabs, it is suggested that owing to the size and shape of the pieces, especially the circular ones, they hardly respond to the term "slabs" within the meaning of the paragraph.  In this connection we think it sufficient only to call attention to the fact that slabs of onyx containing "four superficial inches", if less than 1 inch in thickness, are provided for in the paragraph.  There is nothing about the context of the provision which would suggest that it was the intent of the legislature to exclude therefrom onyx slabs merely because they were circular or disk shape in form.

We think Congress intended that slabs of onyx, within the dimensions stated, should be included in paragraph 232 (b) rather than in paragraph 232 (d) even though a manufacturing effort had been applied to them to the extent of polishing the same on one face, and on the edges, and even though these slabs, in the condition imported, were each intended for use as definite parts of several different articles, and that it did not contemplate that such merchandise as met these requirements should be regarded as articles within the meaning of paragraph 232 (d).

The judgment of the United States Customs Court is *reversed* and the cause *remanded* for further proceedings consistent with the views herein expressed.